## COMMONWEALTH *vs.* WILLIAM McLAUGHLIN.

A count for a felonious assault, and a count for the same transaction described as a common assault, may be joined in the same indictment.

A peace officer has no right, without a warrant, to arrest a person suspected of committing a crime, unless the offence is a felony.

If a person, arrested by a peace officer without a warrant, on suspicion of a crime less than felony, kill the officer, it is not murder, but at most, only manslaughter; and an assault upon such officer will not support an indictment alleging an assault with intent to murder.

A person cannot be convicted of an assault with intent to murder, if the homicide, when completed, would be only manslaughter.

If a person shoot at two persons, intending to kill one, but entirely regardless which, he may be convicted upon an indictment charging a joint assault on both.

THIS was an indictment containing two counts; one for a felonious assault upon Frederick P. Moore and George F

Leonard, with intent to kill and murder, by discharging at them a loaded pistol; the other was for a common assault with a pistol, omitting the felonious intent. At the trial in the municipal court, Boston, the defendant moved that the indictment be quashed for a misjoinder of counts, which motion *Mellen* J., overruled. The evidence offered for the prosecution was as follows:

William B. Tarlton testified: " I am a police-officer; was on duty in the harbor in a row-boat, about half-past twelve o'clock on the morning of the thirtieth day of July last past; I saw the defendant in a boat about half way between East Boston and T wharf, with officers Moore and Leonard; the prisoner, with one Kelley, were in a boat pulling towards us; I thought they came from a schooner at anchor; I lay still; when they came near me, they sheered off to pass by me ; I hailed them once or twice ; the only answer I got was, " it is none of your business;" my hail was, " boat ahoy"; I pulled alongside their boat between Commercial and T wharf; Kelley raised an oar to strike Moore; I pushed back the oar, and it struck Kelley in the mouth; he held on to the oar and brought our boats together; we took the men into our boat and passed them over the vessel on to the wharf, and then we took them to the watch-house; while I was feeling for the key, McLaughlin jumped back, and that was the last I saw of them."

Frederick B. Moore testified, that when the defendant sprang back, he and Leonard started after him, and as they were standing near each other on the sidewalk near the middle of the street, the prisoner turned and fired towards them, and they pursued him. This shot was the assault on which the government relied.

The defendant objected that this evidence did not support the allegation of the indictment of a joint assault on two. But the court instructed the jury, that if the defendant fired his pistol at the two, intending to kill and murder one, but careless which he hit, this would support the allegation in the indictment.

The defendant further objected that there was no evidence

of a felony having been committed, or that the officers had any information or reasonable cause of suspicion that the defendant had committed a felony, or of any right to arrest them. The court instructed the jury that the officers, if acting with good intentions, and upon such information as created a reasonable and probable cause of suspicion that the prisoner had committed a felony, had a right to apprehend the prisoner, in order to carry him before the magistrate.

The defendant asked the court to instruct the jury, that if they found that the officers had no right to arrest the defendant, then any assault which he might make, while attempting to escape, would not support the allegations of this indictment. But the court refused so to instruct the jury, and to these several rulings, the defendant, being convicted, excepted.

*B. F. Butler*, for the defendant, in addition to the points relied upon in the case immediately preceding, contended. 1. That the assault proved was not a joint assault on two, even if it might have been a several assault on each.

2. An officer is not justified in arresting without a warrant unless a felony has been committed, and with reasonable ground to suppose the person arrested guilty. *Commonwealth* v. *Carey, ante,* 246; *Hobbs* v. *Branscomb,* 3 Camp. 420. There was no evidence either of a felony done, or that the prisoner was the felon. It was left to the jury to find this fact, without any evidence on which to find it.

*G. P. Sanger,* (district-attorney,) for the commonwealth. 1. The evidence supported a joint assault; the instruction was correct, as the pistol was pointed at both.

2. A peace officer is justified in arresting without warrant, if, upon information, he has cause to believe a felony has been committed. *Rohan* v. *Sawin,* 5 Cush. 281. The defendant had no right to use improper means to prevent even an unlawful arrest; and the prayer for instructions was too broad.

DEWEY, J. For the reasons already stated in the case of the same party for a felonious assault on William Blanchard, neither a motion to quash this indictment, or the more appropriate motion here, to arrest the judgment for misjoinder of

52 *

counts, can avail the defendant. If there was no further question in the case, judgment should be entered upon this verdict.

Another point is raised upon the bill of exceptions in relation to certain instructions asked by the defendant to be given to the jury bearing upon the question of the guilt of the prisoner upon the indictment, so far as he is charged with an assault with intent to murder. If the prisoner was unlawfully arrested, and in resisting the arrest, or in attempting to escape, he takes the life of the party so arresting him, although the act is not justifiable, and amounting in law to a criminal homicide, yet it is not murder. *Commonwealth* v. *Carey, ante,* 246. Peace officers may, without warrant, arrest a party whom they have reasonable ground to suspect of having committed a felony. But a peace officer cannot arrest one without warrant, who is suspected of having committed a crime, not a felony. The presiding judge had instructed the jury as to the first of these propositions. The defendant's counsel asked the further instruction, that if he was arrested upon suspicion of a crime not a felony, then the assault which he might make while attempting to escape, would not support the allegations in this indictment. This we understand to have been the request, though the form of the prayer for the instructions was that if the jury found that the officers " had no right to arrest," then the assault proved would not support the allegations in the indictment. If the defendant had asked no further instructions, probably no objection could have been taken to any insufficiency of the instructions given. But the party deeming it important that more full instructions should be given, and particularly as to what state of facts would not authorize a conviction, and having moved the court to that effect, we are of opinion that he had a right to the further instructions asked for, properly modified and applied to the charges found in this indictment. So far as relates to the charge of assault with intent to murder, the instructions asked ought to have been given. Where the party is charged with firing a loaded pistol with intent to murder, and from the circumstances it appears that if death had ensued, it would

have been manslaughter only, he must be acquitted. *Mitton's case*, 1 East P. C. 411.

As to the main charge of an assault, he might, however, have been properly convicted, although the arrest was illegal, if the assault was of a character only justifiable under the circumstances of the case. The defendant was convicted generally of the charges in the indictment, including that of an assault with intent to murder. This being so, the verdict must be set aside for the want of the further instructions asked for and bearing upon that point.

Upon the question, whether the defendant could, in any event, be found guilty of an assault with intent to murder both Moore and Leonard, we perceive no difficulty in that branch of the case. If the prisoner designedly fired a loaded pistol in the direction of the two, and so near them that it would probably kill them, or do them some great bodily harm, and with intent so to do, or entirely regardless which it might actually kill, the jury might properly find him guilty of the same intent as to both.　　　　　　　*New trial granted.*